UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 1:17-cv-22856

JOHN MINOTT,

        Plaintiff,

vs.

M/Y BRUNELLO, Official No. 71147, her engines, tackle, and appurtenances, *in rem*, BRUNELLO YACHT CHARTERS, LTD., a foreign corporation, as owner of the M/Y BRUNELLO, DERECKTOR FLORIDA, INC., a Florida corporation, XYZ CORPORATION(S) (marine contractors), and JOHN DOE, as captain of the M/Y BRUNELLO,

        Defendants.

_____/

**VERIFIED COMPLAINT TO ENFORCE A MARITIME LIEN FOR DAMAGES ARISING FROM A MARITIME TORT UNDER 46 U.S.C. § 31301(5)(B)**

COMES NOW the Plaintiff, JOHN MINOTT, by and through undersigned counsel, and hereby sues the Defendants and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This case involves a personal injury and negligence claim arising under the General Maritime Law of the United States and is thus within this Court's Admiralty and Maritime jurisdiction within the meaning of U.S. Const. Art. III § 2, 28 U.S.C. §1333, Fed. R. Civ. P. Rule 9(h), Supplemental Rule C and Local Admiralty Rule C.

2. Pursuant to 46 U.S.C. § 31301(5)(B), Plaintiff's *in rem* claim is for bodily injuries he sustained while lawfully boarding the M/Y BRUNELLO on the navigable waters of this District on December 17, 2014.

3. At all material times, Plaintiff was and is a citizen and/or resident of the state of Florida.

4. At all material times, Defendant M/Y BRUNELLO, *in rem* (the "Vessel"), is a 2003 115' Benetti recreational vessel, bearing Official Number 71147. The Vessel is currently docked in Miami, within this District, and expected to remain in this District during the pendency of her arrest and this action.

5. At all material times, and upon information and belief, Defendant BRUNELLO YACHT CHARTERS, LTD. is a foreign corporation, organized and existing under the laws of the Republic of the Marshall Islands.

6. This Court has personal jurisdiction over Defendant BRUNELLO YACHT CHARTERS, LTD. for all matters arising from the maritime tort which is the subject matter of this litigation because of its systematic and continuous contact with the forum, particularly operating the Vessel on Florida's navigable waters, entering into a contract within the state of Florida, and committing a tortious act within the State of Florida.

7. At all material times, DERECKTOR FLORIDA, INC. was and is a Florida corporation operating a yacht repair facility in Florida with its principal place of business in Dania, Florida.

8. Defendant, XYZ CORPORATION(S) (marine contractors), is included to represent other marine contractors performing repairs or refits to the Vessel, insofar as such entity has a different name than the named defendants herein. XYZ CORPORATION(S) is (are) also used in a plural form. In the event that discovery reveals that additional entities, other than the named Defendants herein, contributed to the Plaintiff's incident, the legal names of the entities will be substituted for XYZ CORPORATION(S).

9. Defendant JOHN DOE, is the individual who was the captain of the M/Y BRUNELLO at the time of Plaintiff's incident on or about December 17, 2014. The legal name and identity of the captain, JOHN DOE, are presently unknown to Plaintiff but will be revealed through discovery. Upon discovery of the legal name and identity of the captain, JOHN DOE, Plaintiff will amend the Complaint to substitute the legal name of the individual who was the captain of the Vessel at the time of Plaintiff's incident on or about December 17, 2014.

10. Venue is proper in this forum because M/Y BRUNELLO is located in Miami, Florida, within the waters of this District; DERECKTOR FLORIDA, INC. does business in this District; and the maritime tort giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

11. On or about December 17, 2014, the M/Y BRUNELLO was docked upon navigable waters at DERECKTOR FLORIDA, INC. in Dania, Florida.

12. On or about December 17, 2014, Plaintiff was working as a marine laborer for Butch Kemp Designs, a marine engineering firm.

13. On or about December 17, 2014, Defendant BRUNELLO YACHT CHARTERS, LTD. engaged Butch Kemp Designs and Plaintiff to perform maintenance and repairs aboard the M/Y BRUNELLO while the Vessel was docked at DERECKTOR FLORIDA, INC.

14. On or about the previously stated date, while Plaintiff was walking up the gangway to lawfully board the Vessel, the Vessel captain or crew, suddenly and without warning, put the engines in gear, causing the gangway on which Plaintiff was standing to detach from the Vessel and fall overboard, together with Plaintiff, causing him to sustain severe injuries to his head, neck, and spine.

## COUNT I - *IN REM* CLAIM AGAINST M/Y BRUNELLO

Paragraphs one (1) through fourteen (14) are re-alleged and incorporated herein.

15.       This is an *in rem* action to enforce a lien for damages arising from a maritime tort.

16.       At all material times, it was the duty of the M/Y BRUNELLO to provide Plaintiff with reasonable care under the circumstances.

17.       On or about December 17, 2014, M/Y BRUNELLO and/or its owners, operators, agents, servants, joint venturers and/or crew breached the duty to provide Plaintiff with reasonable care under the circumstances.

18.       Plaintiff was severely injured due to the fault and negligence of M/Y BRUNELLO for acts and omissions that include, but are not limited to, the following:

    a. Failure to establish and maintain a reasonably safe means of ingress and egress onto and from the Vessel;

    b. Putting the engines in gear at a time that the crew knew or should have known that Plaintiff was standing on the gangway to board the Vessel;

    c. Creating a dangerous condition by moving the Vessel while Plaintiff was standing on the gangway to board the Vessel;

    d. Failure to maintain the Vessel in a reasonably safe condition;

    e. Failure to use reasonable care to provide Plaintiff a reasonably safe workplace;

    f. Failure to inspect the Vessel for hazardous conditions;

    g. Failure to warn Plaintiff that the engines were being engaged;

    h. Failure to warn Plaintiff of workplace hazards;

    i. Failure to find and eliminate specific workplace hazards;

    j. Failure to repair hazardous conditions on the gangway;

k.  Failure to ensure the safe operation of the Vessel in such a manner as to avoid posing an unreasonable risk of harm to others, including Plaintiff,

l.  Failure to provide adequate crew for the safe operation of the Vessel;

m.  Failure to man the Vessel with a competent crew;

n.  Failure to supervise the captain and crew;

o.  Failure to ascertain the cause of prior similar gangway accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

p.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of Plaintiff while performing maintenance and repair to the Vessel; and

q.  Failure to take all reasonable precautions to prevent the Plaintiff's incident and injuries.

19. The negligence of the *in rem* Defendant, M/Y BRUNELLO, was the cause, in whole or in part, of Plaintiff sustaining severe and permanent injuries about his body.

20. At all material times, M/Y BRUNELLO created the hazardous conditions, or knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that M/Y BRUNELLO, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

21. As a direct and proximate result of the negligence of *in rem* Defendant M/Y BRUNELLO, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, feelings of economic insecurity caused by his condition, disability, disfigurement, post-traumatic stress disorder and other mental and/or

nervous disorders, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and his working ability and earning capacity have been impaired, both past and future.  These injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future.

22. Plaintiff is entitled to full recovery of damages resulting from the alleged maritime tort against the M/Y BRUNELLO *in rem* under 46 U.S.C. §31301(5)(B).

**WHEREFORE**, Plaintiff, John Minott respectfully requests:

a. That a Warrant for Arrest *in rem* issue against M/Y Brunello and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

b. That Plaintiff John Minott be decreed to have a lien upon the *in rem* Defendant M/Y Brunello, and that such lien be foreclosed in accordance with law and thereupon that the Vessel be condemned and sold in payment of the damages suffered by Plaintiff;

c. That judgment be entered in Plaintiff's favor for all recoverable damages, including compensatory damages, court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just; and

d. That Plaintiff be permitted to bid his judgment against the Vessel at a U.S. Marshal's sale.

## **COUNT II – NEGLIGENCE AGAINST BRUNELLO YACHT CHARTERS, LTD.**

Paragraphs one (1) through fourteen (14) are re-alleged and incorporated herein.

23. At all material times, it was the duty of Defendant BRUNELLO YACHT CHARTERS, LTD. to provide Plaintiff with reasonable care under the circumstances.

24. On or about December 17, 2014, BRUNELLO YACHT CHARTERS, LTD. and/or its agents, servants, joint venturers and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

25. On or about December 17, 2014, Plaintiff was severely injured due to the fault and negligence of BRUNELLO YACHT CHARTERS, LTD. and/or its agents, servants, joint venturers and/or employees, for acts and/or omissions that include, but are not limited to, the following:

   a. Failure to establish and maintain a reasonably safe means of ingress and egress onto and from the Vessel;

   b. Putting the engines in gear at a time that the crew knew or should have known that Plaintiff was standing on the gangway to board the Vessel;

   c. Creating a dangerous condition by moving the Vessel while Plaintiff was standing on the gangway to board the Vessel;

   d. Failure to maintain the Vessel in a reasonably safe condition;

   e. Failure to use reasonable care to provide Plaintiff a reasonably safe workplace;

   f. Failure to inspect the Vessel for hazardous conditions;

   g. Failure to warn Plaintiff that the engines were being engaged;

   h. Failure to warn Plaintiff of workplace hazards;

   i. Failure to find and eliminate specific workplace hazards;

    j. Failure to repair hazardous conditions on the gangway;

    k. Failure to ensure the safe operation of the Vessel in such a manner as to avoid posing an unreasonable risk of harm to others, including Plaintiff,

    l. Failure to provide adequate crew for the safe operation of the Vessel;

    m. Failure to man the Vessel with a competent crew;

    n. Failure to supervise the captain and crew;

    o. Failure to ascertain the cause of prior similar gangway accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

    p. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of Plaintiff while performing maintenance and repair to the Vessel; and

    q. Failure to take all reasonable precautions to prevent the Plaintiff's incident and injuries.

26. The negligence of Defendant BRUNELLO YACHT CHARTERS, LTD. was the cause, in whole or in part, of Plaintiff sustaining severe and permanent injuries about his body.

27. At all material times, BRUNELLO YACHT CHARTERS, LTD. created the hazardous conditions, or knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that BRUNELLO YACHT CHARTERS, LTD., in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

28. As a direct and proximate result of the negligence and/or gross negligence of Defendant BRUNELLO YACHT CHARTERS, LTD., the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, fright, shock, anxiety,

reasonable fear of developing future physical and medical problems, loss of enjoyment of life, feelings of economic insecurity caused by his condition, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and his working ability and earning capacity have been impaired, both past and future.  These injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment be entered in his favor against BRUNELLO YACHT CHARTERS, LTD., awarding damages, including punitive damages, court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

### **COUNT III – NEGLIGENCE AGAINST DERECKTOR FLORIDA, INC.**

Paragraphs one (1) through fourteen (14) are re-alleged and incorporated herein.

29. This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. §1367 because this cause of action arises out of the same case or controversy as the *in rem* claim.

30. At all material times, it was the duty of Defendant DERECKTOR FLORIDA, INC. to provide Plaintiff with reasonable care under the circumstances.

31. On or about December 17, 2014, DERECKTOR FLORIDA, INC. and/or its agents, servants, joint venturers and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

32. On or about December 17, 2014, Plaintiff was severely injured due to the fault and negligence of DERECKTOR FLORIDA, INC., and/or its agents, servants, joint venturers and/or employees, for acts and/or omissions that include, but are not limited to, the following:

- 9 -

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

a. Failure to establish and maintain a reasonably safe means of ingress and egress onto and from the Vessel;

b. Permitting the Vessel to move while Plaintiff was standing on the gangway to board the Vessel;

c. Failure to use reasonable care to provide Plaintiff a reasonably safe workplace;

d. Failure to inspect the Vessel for hazardous conditions;

e. Failure to warn Plaintiff that the engines were being engaged;

f. Failure to warn Plaintiff of workplace hazards;

g. Failure to find and eliminate specific workplace hazards;

h. Failure to supply a safe gangway;

i. Failure to repair hazardous conditions on the gangway;

j. Failure to ensure the safe operation of its premises in such a manner as to avoid posing an unreasonable risk of harm to others, including Plaintiff,

k. Failure to provide adequate crew for the safe operation of the Vessel;

l. Failure to supervise the captain and crew;

m. Failure to ascertain the cause of prior similar gangway accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

n. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of Plaintiff while performing maintenance and repair to the Vessel; and

o. Failure to take all reasonable precautions to prevent the Plaintiff's incident and injuries.

33. The negligence of Defendant DERECKTOR FLORIDA, INC. was the cause, in whole or in part, of Plaintiff sustaining severe and permanent injuries about his body.

34. At all material times, DERECKTOR FLORIDA, INC. created the hazardous conditions, or knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that DERECKTOR FLORIDA, INC., in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

35. As a direct and proximate result of the negligence and/or gross negligence of Defendant DERECKTOR FLORIDA, INC., the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, feelings of economic insecurity caused by his condition, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and his working ability and earning capacity have been impaired, both past and future.  These injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment be entered in his favor against DERECKTOR FLORIDA, INC., awarding damages, including punitive damages, court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

**COUNT IV –NEGLIGENCE AGAINST XYZ CORPORATION(S) AND JOHN DOE**

Paragraphs one (1) through fourteen (14) are re-alleged and incorporated herein.

36.   This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. §1367 because this cause of action arises out of the same case or controversy as the *in rem* claim.

37.   At all material times, it was the duty of Defendants XYZ CORPORATION(S) and JOHN DOE to provide Plaintiff with reasonable care under the circumstances.

38.   On or about December 17, 2014, XYZ CORPORATION(S) and JOHN DOE and/or their agents, servants, joint venturers and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

39.   On or about December 17, 2014, Plaintiff was severely injured due to the fault and negligence of XYZ CORPORATION(S) and JOHN DOE and/or their agents, servants, joint venturers and/or employees, for acts and/or omissions including, but not limited to, the following:

   a. Failure to establish and maintain a reasonably safe means of ingress and egress onto and from the Vessel;

   b. Putting the engines in gear at a time that the crew knew or should have known that Plaintiff was standing on the gangway to board the Vessel;

   c. Creating a dangerous condition by moving the Vessel while Plaintiff was standing on the gangway to board the Vessel;

   d. Failure to maintain the Vessel in a reasonably safe condition;

   e. Failure to use reasonable care to provide Plaintiff a reasonably safe workplace;

   f. Failure to inspect the Vessel for hazardous conditions;

   g. Failure to warn Plaintiff that the engines were being engaged;

   h. Failure to warn Plaintiff of workplace hazards;

   i. Failure to find and eliminate specific workplace hazards;

   j. Failure to repair hazardous conditions on the gangway;

   k. Failure to ensure the safe operation of the Vessel in such a manner as to avoid posing an unreasonable risk of harm to others, including Plaintiff,

   l. Failure to provide adequate crew for the safe operation of the Vessel;

   m. Failure to man the Vessel with a competent crew;

   n. Failure to supervise the captain and crew;

   o. Failure to ascertain the cause of prior similar gangway accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

   p. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of Plaintiff while performing maintenance and repair to the Vessel; and

   q. Failure to take all reasonable precautions to prevent the Plaintiff's incident and injuries.

40. The negligence of Defendants XYZ CORPORATION(S) and JOHN DOE was the cause, in whole or in part, of Plaintiff sustaining severe and permanent injuries about his body.

41. At all material times, XYZ CORPORATION(S) and JOHN DOE created the hazardous conditions, or knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that XYZ CORPORATION(S) and JOHN DOE, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

42. As a direct and proximate result of the negligence and/or gross negligence of Defendants XYZ CORPORATION(S) and JOHN DOE, the Plaintiff was injured about Plaintiff's

body and extremities, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, feelings of economic insecurity caused by his condition, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and his working ability and earning capacity have been impaired, both past and future.  These injuries are permanent or continuing in nature and the Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment be entered in his favor against XYZ CORPORATION(S) and JOHN DOE, awarding damages, including punitive damages, court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

Dated July 28, 2017.

>
> Respectfully submitted,
>
> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Tel. (305) 373-3016
> Fax (305) 373-6204
>
> By: */s/ Michael A. Winkleman*
> **MICHAEL A. WINKLEMAN**
> Florida Bar No. 36719
> Email: mwinkleman@lipcon.com
> **ADRIA G. NOTARI**
> Florida Bar No. 87272
> Email: anotari@lipcon.com

## VERIFICATION

I, Michael A. Winkleman, am authorized by Plaintiff, JOHN MINOTT, to make this Verification and representations on his behalf as his attorney of record under Local Admiralty Rule A(5). At the time of the filing of this Complaint, Plaintiff is not within the District.

1. I am over the age of eighteen and competent to make this Verification.
2. I have read the foregoing Verified Compliant and hereby verify and represent under oath that its contents are true to the best of my knowledge, and/or information and belief.
3. The source of my knowledge is my conversations with John Minott and review of documents pertaining to the subject incident and the Defendants.

FURTHER AFFIANT SAYETH NAUGHT.

_____
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
Attorney of record

STATE OF FLORIDA              )
                              )SS
COUNTY OF MIAMI-DADE          )

The forgoing instrument was acknowledged before me on July 28, 2017, by Michael A. Winkleman, who is personally known to me.

Notary Public State of Florida
Max Rodriguez
My Commission FF 967945
Expires 03/06/2020

_____
Notary Public, State of Florida at Large
My Commission Expires: 3-6-2020